IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARALLEL IRON, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 13-808-RGA ) ) **JURY TRIAL DEMANDED** |
| SPOTIFY USA INC., | ) ) |
| Defendant. | ) ) |

# DEFENDANT SPOTIFY USA INC.'S
# OPENING BRIEF IN SUPPORT OF MOTION
# TO DISMISS INDIRECT INFRINGEMENT CLAIMS

OF COUNSEL:

Stefani E. Shanberg
Jennifer J. Schmidt
Michael J. Guo
WILSON SONSINI GOODRICH
   &amp; ROSATI
Professional Corporation
One Market Plaza
Spear Street Tower, Suite 3300
San Francisco, CA 94105
Tel: (650) 947-2000

Dated: June 28, 2013
1112657 / 40608

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant Spotify USA Inc.*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. NATURE AND STAGE OF THE PROCEEDINGS ........................................ 1

III. SUMMARY OF ARGUMENT ......................................................................... 2

IV. STATEMENT OF FACTS ................................................................................ 2

V. ARGUMENT ...................................................................................................... 3

    A. Legal Standard for a Rule 12(b)(6) Motion to Dismiss ............................................................................................................ 3

    B. The Complaint Fails to Allege Pre-Suit Knowledge of the Patents-in-Suit ................................................................................ 5

    C. The Complaint Fails to State a Claim for Inducement of Infringement ........................................................................................ 5

    D. The Complaint Fails to State a Claim for Contributory Infringement ......................................................................................... 7

VI. CONCLUSION ................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
   377 U.S. 476 (1964) ................................................................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .........................................................................................4, 6, 8

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
   C.A. No. 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012) ..................4, 5

*E.I. Du Pont de Nemours v. Heraeus Holding GmbH*,
   C.A. No. 11-773-SLR-CB, 2012 WL 4511258 (D. Del. Sept. 28, 2012) .................6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011) ........................................................................................4, 5

*HSM Portfolio LLC v. Fujitsu Ltd.*,
   C.A. 11-770-RGA, 2012 WL 2580547 (D. Del. July 3, 2012) ............................4, 7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ............................................................................5, 8

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012) .........................................................................6

*Pragmatus AV, LLC v. TangoMe, Inc.*,
   C.A. No. 11-1092-LPS, 2013 WL 571798 (D. Del. Feb. 13, 2013) .........................7

*Pragmatus Telecom, LLC v. Ford Motor Co.*,
   C.A. No. 12-92-RGA, 2012 WL 2700495 (D. Del. July 5, 2012) ...........................7

*SRI Int'l Inc. v. Internet Sec. Sys., Inc.*,
   647 F. Supp. 2d 323 (D. Del. 2009) .........................................................................6

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009) ............................................................................5, 6

*Walker Digital, LLC v. Facebook, Inc.*,
   852 F. Supp. 2d 559 (D. Del. 2012) ......................................................................5, 7

# TABLE OF AUTHORITIES
*(continued)*

Page(s)

**STATUTES**

35 U.S.C.
  § 271(b) ............................................................................................................. 2, 4, 5
  § 271(c) ............................................................................................................. 2, 4, 7

**RULES**

Fed. R. Civ. P.
  12(b)(6) ............................................................................................................. 1, 3, 8

## I. INTRODUCTION

Plaintiff Parallel Networks, LLC's ("Parallel Networks" or "Plaintiff") Complaint does not properly state a claim for indirect infringement by inducement or contributory infringement. Both induced and contributory infringement claims require plausible allegations that the defendant knew of the patents-in-suit. Yet, Parallel Networks' Complaint fails to allege any facts sufficient to support any inference that Spotify USA Inc. ("Spotify") had knowledge of the patents-in-suit.

An inducement claim further requires plausible allegations that the defendant knowingly induced acts that it knew constituted patent infringement with a specific intent to do so. Yet, Parallel Networks' Complaint fails to allege facts sufficient to support any inference that Spotify induced acts it knew constituted infringement or that Spotify had a specific intent to cause any such infringement. A contributory infringement claim further requires plausible allegations that the accused products have no substantial noninfringing use. But Parallel Networks' Complaint again fails to allege facts sufficient to support any inference that the accused products have no substantial noninfringing use.

Accordingly, Spotify respectfully requests that Parallel Networks' inducement and contributory infringement claims be dismissed. (D.I. ¶¶ 13, 15, 16, 20, 22, 23.)

## II. NATURE AND STAGE OF THE PROCEEDINGS

Non-practicing entity Parallel Networks filed the Complaint in this action against Spotify on May 6, 2013, alleging direct and indirect infringement of U.S. Patent Nos. 7,188,145 ("the '145 patent") and 7,730,262 ("the '262 patent") (collectively, "patents-in-suit"). (D.I. 1.) Under Federal Rule of Civil Procedure 12(b)(6), Spotify moves this Court to dismiss Parallel Networks' indirect infringement claims for failure to state a claim upon which relief can be granted.

**III.   SUMMARY OF ARGUMENT**

Parallel Networks has not adequately stated a claim for indirect infringement because it does not allege facts from which it can be inferred that Spotify had the requisite knowledge or specific intent to induce and/or contribute to the infringement of the patents-in-suit.  Instead, Parallel Networks alleges only that Spotify had knowledge of the patents-in-suit as of the date the Complaint was filed.  (D.I. 1 ¶¶ 16, 18, 23, 25.)  Moreover, Parallel Networks' bare allegations that Spotify "actively induc[es] others" to infringe or "contribut[es] to the use" of the patents-in-suit are merely formulaic recitations of the elements of Parallel Networks' claims, which lack any factual basis and are insufficient to support a claim of indirect infringement. (D.I. 1 ¶¶ 13, 20.)

**IV.   STATEMENT OF FACTS**

Non-practicing entity Parallel Networks filed the Complaint in this action against Spotify on May 6, 2013, alleging direct and indirect infringement of the patents-in-suit.  (D.I. 1.) Parallel Networks alleges that Spotify infringes one or more claims of these patents "by (1) making, importing, using, offering for sale, and/or selling the patented inventions, (2) by actively inducing others to use the patented inventions, or (3) by contributing to the use of the patented inventions in the United States."  (D.I. 1 ¶¶ 13, 20.)  Parallel Networks then merely repeats the bare indirect infringement allegations:  "In addition and/or in the alternative, Spotify has been and/or now is indirectly infringing one or more claims of the Asserted Patents by (1) inducing customers to use the Accused Products to directly infringe one or more claims of the Asserted Patents in violation of 35 U.S.C. § 271(b), and/or by (2) contributing to customers' direct infringement of one or more claims of the Asserted Patents by their use of the Accused Products in violation of 35 U.S.C. § 271(c)."  (D.I. 1 ¶¶ 15, 22.)

The Complaint does not allege that Spotify had any knowledge of the patents-in-suit or knowledge of any alleged infringement of the patents-in-suit, before being served with the Complaint. Instead, the Complaint alleges knowledge "at least from the time of receipt of the complaint." (D.I. 1 ¶¶ 16, 23.) Parallel Networks further alleges that it provided notice of the patents-in-suit with the filing of the original Complaint: "By the filing of this action, Spotify has been given actual notice of the existence of the [patents-in-suit]." (D.I. 1 ¶¶ 18, 25.) Although Parallel Networks states that it "is not seeking damages against Spotify for indirect infringement for the period prior to the filing of this Complaint" in relation to the '145 patent, Parallel Networks makes no such statement in relation to the '262 patent. (D.I. 1 ¶¶ 18, 25.) Further, Parallel Networks then contradictorily requests "pre- and post-judgment interest and costs." (D.I. 1 at Prayer for Relief ¶ (d).)

In addition to lacking the requisite allegations of knowledge to support indirect infringement claims, the Complaint does not allege any facts to support the bare legal assertions that Spotify "actively induce[s] others" to infringe the '262 patent or "contribut[es] to the use of" the '262 patent. (D.I. 1 ¶¶ 13, 20.) Instead, Parallel Networks merely asserts that "Spotify … mak[es] its website available to customers and provid[es] links and/or other directions on its website and/or internet for users to download and use the Accused Products" and "has sold or distributed the Accused Products knowing that such Accused Products are especially made or adapted for use by its customers in an infringing use of one or more claims of the Accused Products." (D.I. 1 ¶¶ 16, 23.)

V. ARGUMENT

A. Legal Standard for a Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679 (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has failed to show that the pleader is entitled to relief and it should therefore be dismissed. *Id.* at 679.

"Both induced infringement and contributory infringement require the defendant to know of the patent …." *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, C.A. No. 11-1175-RGA, 2012 WL 6968938, at *1 (D. Del. July 18, 2012) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067-68 (2011)); *see also HSM Portfolio LLC v. Fujitsu Ltd.*, C.A. 11-770-RGA, 2012 WL 2580547, at *1 (D. Del. July 3, 2012) (dismissing in part because "[t]here is no allegation that the defendant knew about the existence of the patent-in-suit"). Further, a claim of inducement under 35 U.S.C. § 271(b) requires proof that an inducer "'persuade[d] another to engage in conduct that the inducer knows is infringement." *Global-Tech*, 131 S. Ct. at 2068. To survive a motion to dismiss, the plaintiff must include "factual assertions to support the legal conclusion of actual knowledge [and] specific intent." *Chalumeau*, 2012 WL 6968938, at *1.

To properly allege a claim for contributory infringement under 35 U.S.C. § 271(c), "a plaintiff must, among other things, plead facts that allow an inference that the components sold

or offered for sale have no substantial non-infringing uses." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). In addition, "§ 271(c) 'require[s] a showing that the alleged contributory infringer knew that the combination for which [its] component was especially designed was both patented and infringing.'" *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 566 (D. Del. 2012) (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)).

### B. The Complaint Fails to Allege Pre-Suit Knowledge of the Patents-in-Suit

"Both induced infringement and contributory infringement require the defendant to know of the patent …." *Chalumeau Power Sys.*, 2012 WL 6968938, at *1 (D. Del. July 18, 2012). The Complaint states that Spotify "has been and/or now is indirectly infringing" (D.I. 1 ¶¶ 15, 22), but lacks any factual (or even conclusory) allegation that Spotify had knowledge of the patents-in-suit prior to being served in this litigation. It alleges only that Spotify was provided notice of the patents-in-suit upon the filing of the Complaint. (D.I. 1 ¶¶ 16, 18, 23, 25.) Because Parallel Networks does not allege that Spotify had pre-suit knowledge of the patents-in-suit, there can be no pre-suit indirect infringement and those claims should be dismissed.

### C. The Complaint Fails to State a Claim for Inducement of Infringement

To prove inducement of infringement under 35 U.S.C. § 271(b), Parallel Networks must show that Spotify not only knew of the patents-in-suit but also knowingly induced acts that it knew constituted patent infringement with a specific intent to do so. *Global-Tech Appliances, Inc.*, 131 S. Ct. at 2068 ("Accordingly, we now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."); *see also Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (a claim for inducement "requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the

patent"). Specific intent requires more than "mere knowledge of possible infringement." *Id.* It requires that "the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements." *SRI Int'l Inc. v. Internet Sec. Sys., Inc.*, 647 F. Supp. 2d 323, 335 (D. Del. 2009) (internal quotations and citations omitted).

The Complaint makes no factual allegation about Spotify's pre-filing knowledge of the patents-in-suit as described above (*see* Section V.B.), nor does it make any factual allegations to support an inference that Spotify either knew of the alleged infringement or had a specific intent to cause such infringement. Specifically, while the Complaint pleads that Spotify makes it products available to customers (D.I. 1 ¶¶ 16, 23), the Complaint is silent as to the nature of the relationship between Spotify and its customers and as to how downloading and using or selling Spotify's accused products relate to the patented invention described in the '262 patent. *See, e.g., E.I. Du Pont de Nemours v. Heraeus Holding GmbH*, C.A. No. 11-773-SLR-CJB, 2012 WL 4511258, at *8 (D. Del. Sept. 28, 2012) (dismissing plaintiff's inducement claim because the complaint failed to assert any facts showing defendant had the specific intent to encourage its customers to infringe). Instead, Parallel Networks merely parrots the statutory language of § 271(b) and makes conclusory and formulaic statements that Spotify actively induces others to infringe. *See Twombly*, 550 U.S. at 555 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Mere allegations that Spotify provides its products to customers and was provided notice of the '262 patent with the filing of the Complaint, without more, does not plausibly support the conclusion that Spotify specifically intended to induce infringement prior to the filing of this case. *See id.; MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 235, 237 (D. Del. 2012) (dismissing a complaint

for inducement because it failed to supply any factual allegations that would convert post-suit knowledge into a plausible allegation of knowledge of infringing use).

Because the Complaint does not state a plausible claim for inducing infringement (D.I. ¶¶ 13, 15, 16, 20, 22, 23), Spotify respectfully submits that the Complaint's inducement claims should be dismissed.

### D. The Complaint Fails to State a Claim for Contributory Infringement

To prove contributory infringement under 35 U.S.C. § 271(c), Parallel Networks must show that the accused products have no substantial noninfringing use and that Spotify knew its accused products were both patented and infringing. *Pragmatus AV, LLC v. TangoMe, Inc.*, C.A. No. 11-1092-LPS, 2013 WL 571798, at *12 (D. Del. Feb. 13, 2013); *see also Walker Digital*, 852 F. Supp. 2d at 566. In the absence of factual allegations supporting Plaintiff's legal conclusions, the contributory infringement claims should be dismissed. *See, e.g.*, *HSM Portfolio*, 2012 WL 2580547, at *1 (dismissing contributory infringement because "[t]o the extent the allegations can be read to allege that the defendant knew that the acts it induced or contributed to constituted patent infringement, … they are wholly unsupported by any factual allegations."); *Pragmatus Telecom, LLC v. Ford Motor Co.*, C.A. No. 12-92-RGA, 2012 WL 2700495, at *1 (D. Del. July 5, 2012) ("No facts, however, are alleged from which one could infer that the allegation is plausible…. Until such facts are pled, … the complaint fails to state a claim for indirect infringement.").

The Complaint makes no factual allegation about Spotify's pre-filing knowledge of the patents-in-suit as described above (*see* Section V.B.), nor does it make any factual allegations about how the accused products allegedly have no substantial noninfringing use. For contributory infringement of the '262 patent, the Complaint merely alleges: "In addition, or, in the alternative, Spotify engages in such activities knowingly, and, at least from the time of receipt of the present

Complaint, has sold or distributed the Accused Products knowing that such Accused Products are especially made or adapted for use by its customers in an infringing use of one or more claims of the Accused Products." (D.I. 1 ¶¶ 16, 23.) The mere formulaic allegation that Spotify's products "are especially made or adapted for use by its customers in an infringing use," is insufficient to allow a reasonable inference that these products have no substantial non-infringing uses. *See, e.g.*, *Bill of Lading*, 681 F.3d at 1337-38; *see also Twombly*, 550 U.S. at 555 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Because the Complaint does not state a plausible claim for contributory infringement (D.I. ¶¶ 13, 15, 16, 20, 22, 23), Spotify respectfully submits that the Complaint's contributory infringement claims should be dismissed.

## VI. CONCLUSION

Because the Complaint does not state a plausible claim for inducing infringement or for contributory infringement (D.I. ¶¶ 13, 15, 16, 20, 22, 23), Spotify's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted.

Respectfully submitted,

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| Stefani E. Shanberg | |
| Jennifer J. Schmidt | By: */s/ David E. Moore* |
| Michael J. Guo | Richard L. Horwitz (#2246) |
| WILSON SONSINI GOODRICH | David E. Moore (#3983) |
| & ROSATI | Bindu A. Palapura (#5370) |
| Professional Corporation | Hercules Plaza, 6th Floor |
| One Market Plaza | 1313 N. Market Street |
| Spear Street Tower, Suite 3300 | Wilmington, DE 19801 |
| San Francisco, CA 94105 | Tel: (302) 984-6000 |
| Tel: (650) 947-2000 | rhorwitz@potteranderson.com |
| | dmoore@potteranderson.com |
| Dated: June 28, 2013 | bpalapura@potteranderson.com |
| 1112657 / 40608 | |
| | *Attorneys for Defendant Spotify USA Inc.* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 28, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on June 28, 2013, the attached document was electronically mailed to the following person(s)

| | |
|---|---|
| Adam Wyatt Poff | Eric W. Buether |
| Monte Terrell Squire | Christopher M. Joe |
| Young, Conaway, Stargatt & Taylor LLP | Brian A. Carpenter |
| Rodney Square | Mark D. Perantie |
| 1000 North King Street | Michael D. Ricketts |
| Wilmington, DE 19801 | Buether Joe & Carpenter, LLC |
| apoff@ycst.com | 1700 Pacific Avenue, Suite 4750 |
| msquire@ycst.com | Dallas, TX 75201 |
| | eric.Buether@BJCIPlaw.com |
| | chris.Joe@BJCIPlaw.com |
| | brian.Carpenter@BJCIPlaw.com |
| | mark.Perantie@BJCIPlaw.com |
| | mickey.Ricketts@BJCIPlaw.com |

By: /s/ David E. Moore
  Richard L. Horwitz
  David E. Moore
  Bindu A. Palapura
  Hercules Plaza, 6th Floor
  1313 N. Market Street
  Wilmington, Delaware 19899-0951
  (302) 984-6000
  rhorwitz@potteranderson.com
  dmoore@potteranderson.com
  bpalapura@potteranderson.com

1112667 / 40608