**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PARALLEL NETWORKS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 13-808-RGA |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| SPOTIFY USA INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT SPOTIFY USA INC.'S ANSWER TO
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Spotify USA Inc. ("Spotify") hereby answers Plaintiff Parallel Networks, LLC's ("Parallel Networks") First Amended Complaint for Patent Infringement ("Amended Complaint"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

**THE PARTIES**

1. Spotify is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and, therefore, denies them.

2. Spotify admits the allegations of paragraph 2.

**JURISDICTION AND VENUE**

3. Spotify admits that the Amended Complaint purports to state a cause of action arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Spotify denies the allegations of paragraph 3 of the Amended Complaint.

4. Spotify admits that what appears to be a copy of U.S. Patent No. 7,188,145 ("the '145 patent") was attached to the Amended Complaint as Exhibit 1 and that, on its face, the '145 patent is entitled "Method and System for Dynamic Distributed Data Caching" and bears an

issue date of March 6, 2007.  Spotify denies that the '145 patent was duly and legally issued.  Spotify specifically denies all allegations of patent infringement.  Spotify is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 and, therefore, denies them.

5.     Spotify admits that what appears to be a copy of U.S. Patent No. 7,730,262 ("the '262 patent") was attached to the Amended Complaint as Exhibit 2 and that, on its face, the '262 patent is entitled "Method and System for Dynamic Distributed Data Caching" and bears an issue date of June 1, 2010.  Spotify denies that the '262 patent was duly and legally issued.  Spotify specifically denies all allegations of patent infringement.  Spotify is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 and, therefore, denies them.

6.     Parallel Networks' definition of the '145 patent and the '262 patent as "Asserted Patents" does not state any allegation, and Spotify is not required to respond.

7.     Spotify admits that its services provide limited peer-to-peer ("P2P") music-on-demand streaming.  Spotify also admits that it markets and sells its service in the United States.  Spotify also admits that it offers a version of the Spotify application through Spotify's website at https://www.spotify.com/us/download/windows/.  Except as expressly admitted, Spotify denies the remaining allegations of paragraph 7 of the Amended Complaint.

8.     Spotify denies the allegations of paragraph 8.

9.     For the purpose of this action only, Spotify admits that venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

**GENERAL ALLEGATIONS**

10.    Spotify is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and, therefore, denies them.

11. Spotify admits that its services provide limited P2P music-on-demand streaming and distribution of Spotify's streaming music service. Spotify also admits that Spotify customers can access the Spotify service through the use of a Spotify application, such as spotify.exe. Spotify also admits that Spotify customers can install a version of the Spotify application using an installer program downloaded from Spotify's website at https://www.spotify.com/us/download/windows/. Spotify specifically denies all allegations of patent infringement. Except as expressly admitted, Spotify denies the allegations of paragraph 11 of the Amended Complaint.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '145 Patent)**

12. Spotify restates and incorporates by reference each answer contained in paragraphs 1 through 11, inclusive, as if fully set forth herein.

13. Spotify denies the allegations of paragraph 13.

14. Spotify denies the allegations of paragraph 14. Spotify specifically denies that its services provide dynamic distributed data caching as set forth in publicly available materials regarding the Spotify services.

15. Spotify denies the allegations of paragraph 15.

16. Spotify denies the allegations of paragraph 16. Spotify specifically denies that its services provide dynamic distributed data caching as set forth in publicly available materials regarding the Spotify services.

17. Spotify denies the allegations of paragraph 17.

18. Spotify admits that it had knowledge of the '145 patent from the date of filing of the original complaint in this action. Except as expressly admitted, Spotify denies the allegations of paragraph 18 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF
### (Infringement of the '262 Patent)

19.     Spotify restates and incorporates by reference each answer contained in paragraphs 1 through 18, inclusive, as if fully set forth herein.

20.     Spotify denies the allegations of paragraph 20.

21.     Spotify denies the allegations of paragraph 21.  Spotify specifically denies that its services provide dynamic distributed data caching as set forth in publicly available materials regarding the Spotify services.

22.     Spotify denies the allegations of paragraph 22.

23.     Spotify denies the allegations of paragraph 23.  Spotify specifically denies that its services provide dynamic distributed data caching as set forth in publicly available materials regarding the Spotify services.

24.     Spotify denies the allegations of paragraph 24.

25.     Spotify admits that it had knowledge of the '262 patent from the date of filing of the original complaint in this action.  Except as expressly admitted, Spotify denies the allegations of paragraph 25 of the Amended Complaint.

## REQUEST FOR RELIEF

Spotify denies any and all allegations contained in the remainder of the Amended Complaint and denies that Parallel Networks is entitled to any of the relief requested in paragraphs (a) through (e) of its prayer for relief or to any other relief in any form whatsoever from or against Spotify.  Spotify specifically denies all allegations of patent infringement and further denies each and every allegation contained in the Amended Complaint to which it has not specifically responded.

**DEMAND FOR JURY TRIAL**

Parallel Networks' demand for a trial by jury of all issues so triable does not state any allegation, and Spotify is not required to respond.

**DEFENSES**

Subject to the above, Spotify alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, Spotify specifically reserves all rights to allege additional defenses that become known through the course of discovery.

**FIRST DEFENSE**

26. Parallel Networks' Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

27. Spotify has not infringed, directly or indirectly, literally or by equivalents, any valid claim of the '145 or '262 patents.

**THIRD DEFENSE**

28. The claims of the '145 or '262 patents are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.  On information and belief, the '145 and '262 patents are invalid in view of, for example, the Excite @Home Network, developed by At Home Corporation on or around 1999, which provided a parallel internet employing super nodes and local caching servers.  Further, the '145 and '262 patents are invalid in view of, for example, Intermezzo, developed on or around 2000, which was an open source file system that kept replicas of folder collections residing on multiple computers in sync.

**FOURTH DEFENSE**

29.     Parallel Networks' claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, and/or waiver.

**FIFTH DEFENSE**

30.     By reason of proceedings in the United States Patent and Trademark Office, and by reasons of amendments, disclaimers, disavowals, admissions, representations, arguments, and/or statements made by the applicants or on their behalf, Parallel Networks is estopped from construing the claims of the '145 or '262 patents to cover and/or include any acts of Spotify.

**SIXTH DEFENSE**

31.     Parallel Networks' claims for damages are barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288.  Spotify is informed and believes, and thereon alleges, that Parallel Networks may not claim pre-lawsuit damages, in whole or in part, for failure to comply with 35 U.S.C. § 287.

**SEVENTH DEFENSE**

32.     Parallel Networks has failed to state facts and/or a legal basis sufficient to permit the Court to grant equitable or injunctive relief against Spotify.

**EIGHTH DEFENSE**

33.     Parallel Networks' Amended Complaint, and the cause of action asserted therein, is barred in whole or in part by the doctrine of unclean hands.

**RESERVATION OF ADDITIONAL DEFENSES**

34.     Spotify reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIM

Defendant and Counterclaimant Spotify USA Inc. ("Spotify") hereby alleges for its counterclaim against Plaintiff and Counterdefendant Parallel Networks, Inc. ("Parallel Networks"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## THE PARTIES

1. Counterclaimant Spotify is a Delaware corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 76 9th Avenue #1110, New York, New York 10011.

2. On information and belief, Counterdefendant Parallel Networks is a Delaware limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 1105 N. Market St., Suite 300, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the Patent Laws of the United States, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, as this is a judicial district in which Parallel Networks filed its Amended Complaint and, therefore, a substantial portion of the events giving rise to the causes of action occurred.

## COUNTERCLAIM ONE
## FOR DECLARATORY RELIEF
## REGARDING U.S. PATENT NO. 7,188,145

5. Spotify realleges and incorporates by reference each allegation contained in paragraphs 1-4 of this Counterclaim, inclusive, as if fully set forth herein.

6. On its face, U.S. Patent No. 7,188,145 ("the '145 patent") says that it is entitled "Method and System for Dynamic Distributed Data Caching" issued on March 6, 2007, to named inventors Keith A. Lowery, Bryan S. Chin, David A. Consolver, and Gregg A. DeMasters.

7. On or about July 11, 2013, Parallel Networks filed its Amended Complaint alleging infringement of the '145 patent and naming Spotify as a Defendant.

8. As a result of the charges of infringement against Spotify, an actual controversy exists as to infringement and invalidity of the '145 patent.

9. Spotify has not infringed, is not now infringing, has not contributorily infringed, and has not induced infringement, either directly or indirectly, literally or by equivalents, any valid claim of the '145 patent named in Parallel Networks' Amended Complaint. For example, because Spotify's applications do not obtain content upon joining a P2P network or a cache community, do not reallocate cache storage of content among peers in a cache community, or receive or provide content for cache storage reallocation in response to a peer joining a cache community, as required by the claims of the '145 patent, Spotify has not infringed, is not now infringing, has not contributorily infringed, and has not induced infringement, either directly or indirectly, literally or by equivalents, any valid claim of the '145 patent.

10. The '145 patent is invalid because it fails to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112. On information and belief, the '145 patent is invalid in view of, for example, the Excite @Home Network, developed by At Home Corporation on or around 1999, which provided a parallel internet employing super nodes and local caching servers. Further, the '145 patent is invalid in view of, for example, Intermezzo, developed on or around 2000, which was an open source file system that kept replicas of folder collections residing on multiple computers in sync.

11. A valid and justiciable controversy has therefore arisen and exists between Spotify and Parallel Networks. Spotify desires a judicial determination and declaration of the parties' respective rights concerning the '145 patent, including a declaration that Spotify has not infringed and is not infringing any valid claim of the '145 patent. Such a determination is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties regarding the validity and alleged infringement of the '145 patent.

12. This counterclaim is exceptional under 35 U.S.C. § 285, and Spotify is entitled to an award of its attorneys' fees.

### COUNTERCLAIM TWO
### FOR DECLARATORY RELIEF
### REGARDING U.S. PATENT NO. 7,730,262

13. Spotify realleges and incorporates by reference each allegation contained in paragraphs 1-12 of the Counterclaim, inclusive, as if fully set forth herein.

14. On its face, , U.S. Patent No. 7,730,262 ("the '262 patent") says that it is entitled "Method and System for Dynamic Distributed Data Caching" issued on June 1, 2010, to named inventor Keith A. Lowery, Bryan S. Chin, David A. Consolver, and Gregg A. DeMasters.

15. On or about July 11, 2013, Parallel Networks filed the Amended Complaint alleging infringement of the '262 patent and naming Spotify as a Defendant.

16. As a result of the charges of infringement against Spotify, an actual controversy exists as to infringement and invalidity of the '262 patent.

17. Spotify has not infringed, is not now infringing, has not contributorily infringed, and has not induced infringement, either directly or indirectly, literally or by equivalents, any valid claim of the '262 patent named in Parallel Networks' Amended Complaint. For example, because Spotify's applications do not communicate a location request to a master associated with the cache community or receive the location response from a master, as required by the claims of

the '262 patent, Spotify has not infringed, is not now infringing, has not contributorily infringed, and has not induced infringement, either directly or indirectly, literally or by equivalents, any valid claim of the '262 patent.

18.     The '262 patent is invalid because it fails to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.  On information and belief, the '262 patent is invalid in view of, for example, the Excite @Home Network, developed by At Home Corporation on or around 1999, which provided a parallel internet employing super nodes and local caching servers.  Further, the '262 patent is invalid in view of, for example, Intermezzo, developed on or around 2000, which was an open source file system that kept replicas of folder collections residing on multiple computers in sync.

19.     A valid and justiciable controversy has therefore arisen and exists between Spotify and Parallel Networks.  Spotify desires a judicial determination and declaration of the parties' respective rights concerning the '262 patent, including a declaration that Spotify has not infringed and is not infringing any valid claim of the '262 patent.  Such a determination is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties regarding the validity and alleged infringement of the '262 patent.

20.     This counterclaim is exceptional under 35 U.S.C. § 285, and Spotify is entitled to an award of its attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Spotify requests that the Court enter judgment in its favor and against Parallel Networks on both Parallel Networks' Amended Complaint and Spotify's Counterclaim as follows:

(a) Dismissing Parallel Networks' claims for patent infringement with prejudice and declaring that Parallel Networks take nothing by way of its Amended Complaint;

(b) Declaring that Spotify has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, literally or by equivalents, any valid claim of the '145 and '262 patents;

(c) Declaring that the claims of the '145 and '262 patents are invalid;

(d) Ordering that Parallel Networks, its agents, and all persons acting in concert or participation with Parallel Networks, be enjoined from charging infringement of or instituting any further action for infringement of the '145 and '262 patents against Spotify;

(e) Declaring that Spotify is a prevailing party and that this is an exceptional case, and awarding Spotify its costs incurred in this action, disbursements, and attorneys fees to the extent permitted by law; and

(f) Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Spotify demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Stefani E. Shanberg
Jennifer J. Schmidt
Michael J. Guo
WILSON SONSINI GOODRICH
   & ROSATI
Professional Corporation
One Market Plaza
Spear Street Tower, Suite 3300
San Francisco, CA  94105
Tel: (650) 947-2000

Dated:  July 29, 2013
1116896 /40608

By:  */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    bpalapura@potteranderson.com

*Attorneys for Defendant
Spotify USA Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on July 29, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on July 29, 2013, the attached document was electronically mailed to the following person(s)

| | |
|---|---|
| Adam Wyatt Poff | Eric W. Buether |
| Monté T. Squire | Christopher M. Joe |
| Gregory J. Brodzik | Brian A. Carpenter |
| Young, Conaway, Stargatt & Taylor LLP | Mark D. Perantie |
| Rodney Square | Michael D. Ricketts |
| 1000 North King Street | Buether Joe & Carpenter, LLC |
| Wilmington, DE  19801 | 1700 Pacific Avenue, Suite 4750 |
| apoff@ycst.com | Dallas, TX  75201 |
| msquire@ycst.com | eric.Buether@BJCIPlaw.com |
| gbrodzik@ycst.com | chris.Joe@BJCIPlaw.com |
| | brian.Carpenter@BJCIPlaw.com |
| | mark.Perantie@BJCIPlaw.com |
| | mickey.Ricketts@BJCIPlaw.com |

By:   */s/ David E. Moore*
      Richard L. Horwitz
      David E. Moore
      Bindu A. Palapura
      POTTER ANDERSON & CORROON LLP
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com
      bpalapura@potteranderson.com

1112667 / 40608